## CIRCUIT COURT OF FAIRFAX COUNTY

Virginia Department
of Transportation

v.

Fairfax County
Park Authority

February 28, 1992

Case No. (Law) 99207

BY JUDGE J. HOWE BROWN

This matter is before the Court on petitioner's Motion in Limine. The petitioner has asked the Court to consider the applicability of certain restrictions on land in determining the appropriate compensation for a taking of that land. After hearing oral argument, the Court took the case under advisement to consider the memorandums submitted and relevant law.

The petitioner, the Commonwealth Transportation Commissioner, instituted condemnation proceedings against the Fairfax County Park Authority for the taking of 2.6497 acres of land in fee simple, 1.0584 acres for a temporary easement, and 0.3685 acres for a drainage easement for highway purposes. This land is part of a 639 acre park. Pursuant to the trust by which the land was dedicated to the Park Authority in 1970, the land is permanently restricted for use as a park. If this restriction is violated, the property reverts to the trustees of St. John's Church after proper proceedings in court. The highest and best use of the land, without the restriction, would be residential.

When land is taken by eminent domain, just compensation to the owner for the taking is required. It is the present actual value of the land with all its adaptations to general and special uses, and not its prospective, or speculative, or possible value based on future ex-

penditures and improvements that is to be considered. *State Hwy. & Transp. Comm'r v. Lanier Farm*, 233 Va. 506, 510 (1987). Where the property and property rights to be taken have a present fair market value, that value, at the time of the taking, is "just compensation" to which the owner is entitled under the constitutional provisions on the subject, and is the measure of the award the commissioners should make therefor. *Id.* at 511.

The petitioner argues that the Park Authority is not entitled to compensation for the land at all, because the case involves a transfer of a governmental use of land from one political entity to another. The court finds, however, that the Park Authority is entitled to compensation for the taking. *See* 26 Am. Jur. 2d *Eminent Domain* § 178 at 857 (citing *State v. Cooper*, 131 A.2d 756 (N.J. 1957) (where an owner dedicated realty for a city park and the state took possession of the park for highway purposes, compensation was to be paid for the undivided fee of the park)); *see also Town of Winchester v. Cox*, 26 A.2d 592, 596–97 (Conn. 1942). The Code of Virginia expressly contemplates that the state may condemn the land owned by municipalities and political subdivisions of the State. This authority is found under Article 7 of Title 33.1, which provides generally for payment of the value of land taken in eminent domain actions. Va. Code § 33.1–89; *see also Cooper*, 131 A.2d at 761.

In cases where there has been a taking of property which is wholly restricted to a particular use which is religious, educational, charitable, or otherwise noncommercial, compensation can be made on the basis of an unrestricted use-value. *See generally* 75 A.L.R.2d 1382 § 1; 27 Am. Jur. 2d *Eminent Domain* § 289. In certain cases, however, the contrary position is followed, such that in the taking of premises which are restricted to a particular use, the compensation and damages to be allowed should be measured by the restricted-use value. 27 Am. Jur. 2d *Eminent Domain* § 289. An example of a situation in which this latter approach would be appropriate is a case where the premises generally, or a major part of the same, are left with the owner. 27 Am. Jur. 2d *Eminent Domain* § 289; 75 A.L.R.2d at 1385.

The petitioner in this case has condemned only a small portion of the land which has been dedicated to use as park land, and this portion presently could not have been used as anything else except a park by the Park Authority or any other entity to which the Park

Authority chose to convey the land. Moreover, the taking has not defeated the use of the substantial remaining area of the property dedicated to the Park Authority as parkland. Under these circumstances, the Court finds that the fair market value of the land taken should be calculated with reference to the restrictions placed upon the land.

The Park Authority argues that the petitioner has taken both the possessory and reversionary estate and that just compensation for both estates is necessary to make the landowner whole. The Court finds that the possibility of reverter in this case is too remote and speculative to justify compensation therefor. *See generally* 81 A.L.R.2d 568 § 2 at 571.